## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between Plaintiffs Madeline McDonough, Christine Geigerich, Amelia Steinman, Amanda Welsh, Justin Beaver, Brian Cieslak, Jaquin Turnage, Sunday Alexander, Michael Gliniecki, Wesley Scribner, Christopher Carino, Rebecca Karten, Christopher Lewis, Alton Lind, Jeffrey Schultz, Kiwanna McKoy, Sarah McAdams, Rebecca Frost, Siba Soropogui, Hunter Lucas, Sage Winn, Guetwende Yatieogo, Kathryn Dunn, Bryan Connor, Trevor Reece, Jason Jackson, Zachary Smith, James Padham, Marquise Blake, Laura McDivitt, Kateryna Davis, Demetrius Randall, Micah Martin, Joshua Vecchiolla, Fiona Sergeant, Anthony Salas, Timothy Riesmeyer, Diane Horn (hereinafter, "Plaintiffs") and Watershed, LLC and David S. Gjerde (hereinafter, "Settling Parties") (collectively the "Parties").

**WHEREAS**, Plaintiffs allege that they worked overtime and were not properly compensated for such hours.

**WHEREAS**, on or about June 12, 2015, certain Plaintiffs filed an action in the United States District Court for the District of Maryland, Case No. 1:15-cv-01728-BPG ("the Lawsuit"). On or about August 11, 2015, certain Plaintiffs filed an Amended Complaint. On or about November 20, 2015, certain Plaintiffs filed a Second Amended Complaint.

**WHEREAS**, the Lawsuit eventually named the defendants as Watershed, LLC, Foodshed, LLC, Parts&Labor, LLC, Artifact, LLC, Farmhouse Diner and Oystershed, LLC, David S. Gjerde, Amy L. Gjerde, and Corey Polyoka (the "Defendants").

**WHEREAS**, Defendants have denied the allegations and state that Plaintiffs have been paid properly for all hours worked.

**WHEREAS**, the Parties desire to enter into this Agreement to resolve all issues related to the Lawsuit.

**NOW, THEREFORE** in consideration of the mutual agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby agree as follows:

1. ***Recitals.*** The foregoing Recitals are incorporated by reference and made a substantive part of this Agreement as if fully set forth herein.

2. ***Warranties.***

    A. The Parties warrant and represent that they have been fully informed and have full knowledge of the terms, conditions, and effects of this Agreement.

    B. The Parties warrant and represent that they have, personally or through their attorneys, fully investigated, to such Party's full satisfaction, all facts surrounding the various claims, controversies, and disputes and are fully satisfied with the terms and effects of this Agreement.


PLAINTIFF'S EXHIBIT A

C. The Parties warrant and represent that no promise, representation, or inducement has been offered or made, except as herein set forth, and that this Agreement is executed without reliance upon any statement or representation by any other Party or his or her agent.

D. The Parties warrant and represent that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claims, judgments, demands, obligations, or causes of action referred to in this Agreement.

E. The Parties warrant and represent that they are competent to understand and do hereby accept all terms and conditions of this Agreement as resolving fully all differences, disputes, claims, and potential claims between Plaintiffs and the Defendants.

3. ***Consideration.*** In return for the promises in this Agreement, the Settling Parties agree to pay Plaintiffs a total of Two Hundred Twenty Thousand Dollars ($220,000.00) to be distributed as follows:

- The total sum of One Hundred Thousand Dollars ($100,000.00) shall be paid to Plaintiffs. Of that sum, Defendants will report Fifty Thousand Dollars ($50,000.00), less standard legal deductions, to represent alleged unpaid wages, to the Internal Revenue Service ("IRS") on a W-2 form. The remaining Fifty Thousand Dollars ($50,000.00) shall be designated as incidental (non-wage) damages associated with Plaintiffs' claims, which are not subject to tax withholdings, and which Defendants shall report to the IRS on a form 1099. The sums to be paid to each Plaintiff are as follows:

| Plaintiffs | Totals |
| --- | --- |
| Madeline McDonough | $743.12 |
| Christine Geigerich | $2,546.34 |
| Amelia Steinman | $4,371.34 |
| Amanda Welsh | $4,371.34 |
| Justin Beaver | $1,947.24 |
| Brian Cieslak | $5,972.64 |
| Jaquin Turnage | $763.35 |
| Alexander Sunday | $1,223.97 |
| Michael Gliniecki | $1,890.00 |
| Wesley Scribner | $3,375.00 |
| Christopher Carino | $1,967.10 |
| Rebecca Karten | $5,114.46 |
| Christopher Lewis | $3,914.76 |
| Alton Lind | $3,540.78 |
| Jeffrey Schultz | $4,895.90 |
| Kiwanna McKoy | $518.38 |
| Sarah McAdams | $2,447.94 |

| | |
|---|---|
| Rebecca Frost | $3,191.07 |
| Siba Soropogui | $12,591.70 |
| Hunter Lucas | $2,447.94 |
| Sage Winn | $961.69 |
| Guetwende Yatieogo | $1,477.72 |
| Kathryn Dunn | $1,967.10 |
| Bryan Connor | $2,223.02 |
| Trevor Reece | $233.99 |
| Jason Jackson | $465.54 |
| Zach Smith | $557.82 |
| James Padham | $2,025.36 |
| Marquise Blake | $133.46 |
| Laura McDivitt | $248.21 |
| Kateryna Davis | $2,273.09 |
| Demetrius Randall | $1,704.82 |
| Micah Martin | $2,185.67 |
| Joshua Vecchiolla | $3,100.90 |
| Fiona Sergeant | $329.30 |
| Anthony Salas | $3,034.82 |
| Timothy Riesmeyer | $4,377.54 |
| Diane Horn | $4,865.58 |
| **Total** | **$ 100,000.00** |

- The total sum of One Hundred Twenty Thousand Dollars ($120,000.00) shall be paid to The Law Offices of Peter T. Nicholl for attorneys' fees and expenses. The payment for attorneys' fees and costs will be issued with a W-9, which will be completed by The Law Offices of Peter T. Nicholl.

- The total sum of Two Hundred Twenty Thousand Dollars ($220,000.00) shall be paid according to the payment schedule below:

A. 12/1/16 - $50,000.00 – liquidated damages portion to be paid to each Plaintiff (1099);

B. 1/15/17 - $75,000.00 – first payment of attorneys' fees and costs;

C. 3/1/17 - $50,000.00 – alleged unpaid wages portion to be paid to each Plaintiff (W-2);

D. 4/1/17 - $25,000.00 – second payment of attorneys' fees and costs; and

E. 5/1/17 - $20,000.00 – final payment of attorneys' fees and costs

- Each payment set forth above shall be delivered to Benjamin L. Davis, III, The Law Offices of Peter T. Nicholl, 36 South Charles Street, Suite 1700, Baltimore, Maryland 21201.

4. *Tax Liability.* Payment under Section 3A of this Agreement shall be without deduction or withholding for any federal, state, or local taxes. Settling Parties shall not withhold on behalf of Plaintiffs any sums for income tax, unemployment insurance, workers compensation insurance, social security, or any other withholding or benefit pursuant to any law or requirement of any government body. Settling Parties will report the payments under Section 3A as non-employee compensation on IRS Forms 1099. Settling Parties shall not have any responsibility to withhold any taxes or other assessments. The payment of all such taxes and other assessments shall be the sole responsibility of Plaintiffs and shall survive termination of this Agreement. Plaintiffs warrant and represent that each will fully and timely pay all taxes related to the payments made under Section 3A of this Agreement. Plaintiffs shall indemnify, defend, and hold harmless the Settling Parties and any and all of its employees and officers, directors, and shareholders from any and all claims, actions, demands, investigations, or judgments brought, instigated, or obtained by any taxing authority or any other person related to taxation of payments made under Section 3A of this Agreement, including, but not limited to, assertions of improper tax withholding by the Settling Parties or the failure by the Plaintiffs and/or the Settling Parties to fully, timely, or properly pay all taxes on payments made under Section 3A of this Agreement (together, the "Claims"). This indemnification shall include the payment by the Plaintiffs of all interest, penalties, and taxes, and all actual attorneys' and other professional fees, costs, and expenses incurred by the Settling Parties as a consequence of any Claims.

5. *No Consideration Absent Execution of this Agreement.* Plaintiffs understand that the Settling Parties will not be obligated to forward any settlement payment provided for in this Agreement unless and until all Parties sign this Agreement and agree to fulfill the promises contained herein.

6. *Return of Executed Agreement.* Upon final execution of this Agreement, Plaintiff's counsel, Benjamin L. Davis, III, shall return a fully executed copy to Defendant's counsel Stephen H. Kaufman, 7 St. Paul Street, Baltimore, Maryland 21202.

7. *Dismissal of Lawsuit With Prejudice.* Within five (5) business days of the Court's approval of this Agreement, Plaintiffs' counsel, Benjamin L. Davis, III, shall file a dismissal of the Lawsuit with prejudice as to all Defendants.

8. *No Other Entitlement.* Plaintiffs acknowledge that they are not entitled to any compensation, benefits, or other payments except as set forth in this Agreement. Plaintiffs agree that they have been properly compensated for all hours worked and that they are not due any additional compensation.

9. *Release by Plaintiffs.* In consideration of the monies set forth above, Plaintiffs, and their legal representatives, agents, brokers, employees, attorneys, representatives, predecessors, heirs, successors, and assigns, irrevocably and unconditionally, release, exonerate, and forever discharge Defendants, and their legal representatives, agents, brokers, employees, officers, directors, shareholders, attorneys, respective representatives, predecessors, heirs, successors, assigns, parent companies, subsidiary companies, affiliates, insurers, reinsurers, subcontractors, third-party administrators, and all successors in interest, from any claim, demand, right, action or cause of action or any entitlement to attorneys' fees, costs or expenses brought under the Fair Labor Standards Act, Maryland Wage and Hour Law, the Maryland Wage Payment and Collection Act, and from any and all manner of actions, claims, debts, dues, sums of money,

accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, representations, promises, variance trespasses, damages, liabilities, judgments, expenses, fees, costs, executions, claims, proceedings, torts, fraud, negligence, bad faith, defamation, claims for physical bodily injury, humiliation, embarrassment and mental anguish, any extra-contractual damages, and demands whatsoever, and any act known or unknown, discovered, foreseen or unforeseen, in law or equity, which Plaintiffs ever had, now have, or may have in the future for, upon or by reason of, arising from or related to their employment with any Defendant.

10. *__Presumptions.__* This Agreement shall not be construed against the drafting Party.

11. *__Governing Law and Interpretation.__* This Agreement shall be governed in accordance with the laws of the State of Maryland.

12. *__No Admission of Wrongdoing.__* Plaintiffs agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendants of any liability or unlawful conduct of any kind, which is denied.

13. *__Amendment.__* This Agreement may not be modified, altered, or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement.

14. *__Entire Agreement; Binding Effect.__* This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. This Agreement shall be binding upon and shall inure to the benefit of the Parties, their respective heirs, legatees, legal and personal representatives, successors, and assigns.

15. *__Severability.__* Each provision of this Agreement shall be considered severable. If any provision contained herein is held to be void, illegal, or unenforceable, such illegality or unenforceability shall not affect any of the other provisions herein, and the remaining provisions of this Agreement will continue to be given full force and effect, unless the absence of that provision materially alters the rights and obligations of the Parties.

16. *__Promissory Note.__* This Agreement is secured by a Promissory Note incorporated in its entirety herein. The Promissory Note is attached to this Agreement as **Exhibit 1**.

17. *__Remedies for Breach.__* In the event that any Party brings an action against the other Party based on any claim released by this Agreement, that Party may plead this Agreement in bar to any such action or enforce the Promissory Note. The Parties further acknowledge that the remedies at law for a breach or threatened breach of any of the provisions of this Agreement would be inadequate; in recognition of this fact, the Parties agree that in the event of a breach or threatened breach of this Agreement, in addition to any remedies at law, a Party, without posting any bond, shall be entitled to obtain equitable relief in the form of specific performance, a temporary restraining order, a temporary or permanent injunction, or any other equitable remedy which may then be available.

18. *__Section Headings.__* Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

19.  *Counterparts.* The Parties agree that this document can be signed in counterparts and that a facsimile or portable document file (.pdf) of a version of this Agreement shall be given the same force and effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto knowingly and voluntarily execute this Agreement as of the dates set forth below.

<u>**THIS IS A GENERAL RELEASE AND WAIVER OF CLAIMS. YOU ARE ADVISED TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.**</u>

[SIGNATURES TO FOLLOW ON NEXT PAGE]

**Settling Parties**

By: _____
Watershed, LLC
DAVID S. GJERDE

Title: OWNER

Date: 12/7/16

_____
David S. Gjerde

Date: 12/7/16

**Plaintiffs**

_____
Madeline McDonough

Date: 11/21/16

_____
Christine Geigerich

Date: 11/20/16

_____
Amelia Steinman

Date: 11/28/2016

_____
Amanda Welsh

Date: 11/19/16

_____
Justin Beaver

Date: 11/19/16

_____
Brian Cieslak

Date: 10·22·2016

_____
Jaquin Turnage

Date: 11-20-16

_____
Sunday Alexander

Date: _____

_____
Michael Gliniecki

Date: 11/18/16

_____
Wesley Scribner

Date: 11/21/16

7

_____
Christopher Carino

Date: 11/21/16

_____
Rebecca Karten

Date: 11-27-16

_____
Christopher Lewis

Date: 11/18/16

_____
Alton Lind

Date: 11/27/16

_____
Jeffrey Schultz

Date: November 21st, 2016

_____
Kiwanna McKoy

Date: 11/28/16

_____
Sarah McAdams

Date: 11/23/16

_Rebecca Frost_
Rebecca Frost
Date: 11/20/2016

_Siba Soropogui_
Siba Soropogui
Date: 11/20/2016

x _Hunter Lucas_
Hunter Lucas
Date: x 10/29/16

_Guetwende Yaticogo_ YANGOGO
Guetwende ~~Yaticogo~~
Date: 11/28/2016

_Kathryn Dunn_
Kathryn Dunn
Date: 11/25/16

_Bryan Connor_
Bryan Connor
Date: 12/1/16

_____
Trevor Reece
Date: _____

_____
Jason Jackson

Date: 11/28/16

_____
Zachary Smith

Date: 21 Nov. 2016

_____
James Padham

Date: 11/20/16

_____
Marquise Blake

Date: 11/21/16

_____
Laura McDivitt

Date: 11/28/2016

_____
Kateryna Davis

Date: 11/22/2016

_____
Demetrius Randall

Date: 11/19/2016

_____
Micah Martin

Date: 11/30/16

_____
Joshua Vecchiolla

Date: 11/29/16

_____
Fiona Sergeant

Date: Nov 29, 2016

_____
Anthony Salas

Date: 11-22-16

_____
Timothy Riesmeyer

Date: 11.22.2016

_____
Diane Horn

Date: 11/29/16